**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:09-bk-00372-MGW |
| CARLOS S. GUERRERO, | Chapter 7 case |
|    Debtor. | |
| _____/ | |
| DOUGLAS M. MENCHISE, as Chapter 7 Trustee | |
|    Plaintiff, | |
| v. | Adversary Pro. No.: 8:20-ap-\_\_\_\_\_ |
| CARLOS S. GUERRERO, MYRNA GUERRERO, CARLOS D. GUERRERO, and BAVIC REALTY CORPORATION, | |
|    Defendants. | |
| _____/ | |

**TRUSTEE'S COMPLAINT**
**FOR DECLARATORY RELIEF, TURNOVER,**
**AND AVOIDANCE AND RECOVERY OF POSTPETITION TRANSFERS**

Plaintiff, Douglas M. Menchise, in his capacity as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Carlos S. Guerrero (the "**Estate**"), by and through his undersigned counsel, files this Complaint against Carlos Sinencio Guerrero ("**Debtor or Mr. Guerrero**"), Myrna Enid Guerrero ("**Ms. Guerrero**"), Carlos Daniel Guerrero ("**Carlos Jr.**"), and Bavic Realty Corporation ("**Bavic Realty**") (collectively, the "**Defendants**") in the above-captioned adversary proceeding pursuant to Title 11 §§ 362, 541, 542, 549, and 550, of the United States Bankruptcy Code ("**Bankruptcy Code**"), and other applicable law. In support of this Complaint, the Trustee hereby alleges:

1

## I. NATURE OF ACTION

1. This is an adversary proceeding to compel Defendants to deliver and turn over to the Trustee certain assets comprising the Debtor's Estate which the Debtor failed to disclose in his schedules or during the pendency of his bankruptcy case.

## II. JURISDICTION AND VENUE

2. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), §§ 105, 541, 542, 543, 549, and 550 of the Bankruptcy Code, seeking declaratory relief as to property of the estate, turnover of property of the estate, and to avoid a post-petition transfer of the Debtor's property.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a). This adversary proceeding is related to the Chapter 7 case of Carlos S. Guerrero, Case No. 8:09-bk-00372-MGW

5. This proceeding is a "core" proceeding within the meaning and effect of 28 U.S.C. § 157(b) and this Court may enter final orders for the matters contained herein.

6. To the extent that any claim asserted herein constitutes a non-core cause of action and/or if this Court lacks Constitutional authority to enter a final judgment on any claim asserted herein, the Trustee hereby consents to the entry of final orders and judgment by the Bankruptcy Court pursuant to Bankruptcy Rule 7008.

### III. THE PARTIES

7. Defendant Carlos. S. Guerrero is an individual residing in Florida and is the Debtor in a bankruptcy case pending before this Court.

8. Defendant Myrna Guerrero is an individual and the Debtor's former spouse.

9. Defendant Carlos D. Guerrero is the son of Myrna Guerrero and the Debtor.

10. Defendant Bavic Realty is a New York corporation formed on April 13, 1984. At the time of its formation, the Debtor was the sole shareholder of Bavic Realty and served as its President and Registered Agent. Bavic Realty is wholly-owned by the Debtor and was owned by the Debtor on the Petition Date.

### IV. FACTUAL BACKGROUND

#### A. The Bankruptcy Case

11. Mr. Guerrero filed a Chapter 11 petition on January 12, 2009.

12. The Trustee was first appointed by this Court on October 28, 2010 after the Debtor's case was converted from Chapter 11 to Chapter 7.

13. The Debtor's bankruptcy case originally resulted in no distribution to creditors as the majority of disclosed property of the estate was encumbered and thus surrendered by the Trustee.

14. The bankruptcy case was closed on February 27, 2012.

15. On September 4, 2020, based upon receipt of previously undisclosed information surrounding the Debtor's holdings in Bavic Realty, the United States Trustee filed its Motion to Reopen Chapter 7 Case and reappointed the Trustee to administer assets undisclosed during the pendency of the Debtor's bankruptcy case.

16. On September 8, 2020, this Court entered its Order Granting the Motion to Reopen Chapter 7 Case.

**B.     The History of the Subject Property**

17. The Debtor was the sole owner of Bavic Realty on the Petition Date.

18. Likewise, on the Petition Date and at all relevant times, Bavic Realty was the sole owner of real property located at 9 East 193rd Street, Bronx, New York 10468, Block 3191 Lot 54 (the "NY Property"), which is a 31-unit multifamily building.

19. On May 4, 1984, the Debtor deeded the NY Property to Bavic Realty.

20. The Debtor obtained 100% ownership in Bavic Realty pursuant to a marital settlement agreement executed September 3, 1998, as set forth in the Final Judgment of Dissolution of Marriage between the Debtor and Ms. Guerrero, in the Circuit Court for the Tenth Judicial Circuit of Florida, Polk County ("Florida Circuit Court").

21. The Debtor, as President of Bavic Realty, executed a mortgage on behalf of Bavic Realty on January 12, 2007 for a cash-out refinance of the NY Property.

22. Despite his sole ownership of Bavic Realty, the Debtor failed to disclose his 100% ownership interest in Bavic Realty (the "Bavic Interest") in his bankruptcy schedules, statement of financial affairs or any subsequent amendments.

23. Post-petition, the Debtor entered into a contract to sell the NY Property for $3,425,000, signing a Memorandum of Contract of Sale on March 5, 2018 on behalf of Bavic Realty, which was recorded with the New York City Department of Finance on March 15, 2018.

24. The Debtor's attempt to sell the property sparked a dispute with the Debtor's ex-wife, Myrna Guerrero, who threatened legal action unless she received proceeds from the sale.

25. On March 27, 2018, Ms. Guerrero and Bavic Realty commenced an action (the "Ownership Dispute") in the New York Supreme Court for the County of Bronx ("NY Court") seeking injunctive relief barring the Debtor from selling the NY Property. Ms. Guerrero also filed a Notice of Pendency with the NY Court.

26. The Debtor moved for an order to show cause cancelling the Notice of Pendency and granting summary judgment dismissing the action.

27. In the Ownership Dispute, Ms. Guerrero alleged that, post-petition and without this Court's authorization, shortly after Thanksgiving in 2010, the Debtor transferred the majority of the Bavic Interest to Myrna Guerrero and Carlos Jr.

28. In support of her allegations, Ms. Guerrero produced two documents that she alleged transferred 75% of Bavic Realty to her and 15% to Carlos Jr. These documents were purportedly executed, post-petition and without this Court's authorization, on May 16, 2011 and August 15, 2011.

29. On November 28, 2018, the NY Court held a framed issue hearing as to the existence and enforceability of a contract to transfer ownership of Bavic Realty ("Transfer Contracts").

30. At the hearing, witness testimony and evidence revealed that:

    A. The Debtor removed his name from the Bavic Realty bank account on December 2, 2010.

    B. The Debtor was 100% owner in Bavic Realty through the end of 2010.

    C. The Debtor did not sign the Transfer Contracts and the Transfer Contracts were not notarized.

31. After hearing sworn testimony from the Debtor, Ms. Guerrero, and other witnesses, the NY Court ruled that summary judgment was inappropriate due to the disputed evidence before the court.[1]

32. Accordingly, the Debtor's interest in Bavic Realty was and remains property of the Debtor's bankruptcy estate as of the petition date and any transfer that occurred after the petition date and without this Court's authorization, is void.

---

[1] The NY Court denied summary judgment due to outstanding issues of fact as to the existence of a contract transferring the Debtor's interest in Bavic Realty. A true and correct copy of the NY Court's Order Denying the Motion for Summary Judgment is attached as **Exhibit A**.

**V.     Claims for Relief**

### COUNT I

### DECLARATORY RELIEF
(All Defendants)

33.     The Trustee re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 under which this court may determine the rights and relations of any party in interest seeking a declaration as to those rights, whether or not relief is or could be sought.

35.     There is a bona fide, actual and present controversy between the Trustee and Defendants regarding the Debtor's 100% ownership interest in Bavic Realty, including the NY Property.

36.     Bavic Realty constitutes property of the Estate within the meaning and effect of § 541 of the Bankruptcy Code

37.     The Trustee seeks a declaration that Bavic Realty and the NY Property are property of the Debtor's Estate pursuant to § 541 of the Bankruptcy Code.

38.     The declaration sought herein deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts, and is not sought merely as an advisory opinion or propounded from curiosity.

39.     The Trustee's rights to Bavic Realty are dependent upon the facts or the law applicable to the facts.

40.     The Defendants named herein have, or reasonably may have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law, and such adverse interests are all before this Court.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment declaring that Bavic Realty constitutes property of the Estate and for such other and further relief as this Court deems just and appropriate.

## COUNT II

### TURNOVER
### (All Defendants)

41. The Trustee re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint as if fully set forth herein.

42. Bavic Realty constitutes property of the Estate within the meaning and effect of 11 U.S.C. § 541.

43. Bavic Realty is in the possession, custody, or control of an individual or other entity. Specifically, Bavic Realty is in the possession, custody, or control of the Debtor, Ms. Guerrero, or Carlos Jr.

44. Bavic Realty (including its assets) can be used, sold, or leased by the Trustee under section 363 of the Bankruptcy Code. Specifically, Bavic Realty holds ownership in the NY Property which is a 31-unit apartment building, and the NY Property may be sold for the benefit of the Estate.

45. Further, the proceeds or profits from the NY Property may be used by the Trustee in administering the Estate, including paying the claims of creditors and the costs of administration of the Estate.

46. Lastly, Bavic Realty is not of inconsequential value to the Estate because it includes valuable real property Bavic Realty and/or the Debtor holds and there are outstanding unsecured claims in this bankruptcy case.

WHEREFORE, the Trustee respectfully request that this Court enter a Final Judgment against Defendants, directing the Defendants to turn over Bavic Realty and the NY Property, which constitutes property of the Debtor's Estate, and for such other and further relief as this Court deems just and appropriate.

## COUNT III

### ACCOUNTING OF POST-PETITION INCOME
### (All Defendants)

47. The Trustee re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint as if fully set forth herein.

48. To quantify the amount of assets and funds possessed by third parties, fraudulently conveyed or converted, an accounting is needed of: (i) all transfers of assets and funds from Bavic Realty to the Debtor or any third party and (ii) all revenue generated and expenses incurred by Bavic Realty from the Petition Date to the present date, as well as any additional appreciation, interest, profits, and other enhancements resulting therefrom.

49. Complete information regarding the transfers, income, and expenses is within the possession, custody, and control of Defendants.

50. These issues involve complicated and extensive accounts previously withheld from the Trustee and it is not clear that the remedy at law would be as full, adequate, and expeditious as it is in equity.

51. The Trustee lacks an adequate remedy at law.

52. As such the Defendants must account to the Trustee for all property comprising Bavic Realty in the custodial possession of the Defendants.

WHEREFORE, the Trustee respectfully requests the Court to order either an equitable or statutory accounting from the Debtor, Bavic Realty, Myrna Guerrero, and all other entities they own, operate, or control concerning the Debtor's interest in Bavic Realty, Bavic Realty's income and expenses and providing such other and further relief as the Court may deem just and proper.

## COUNT IV

### AVOIDANCE OF POSTPETITION TRANSFERS
### PURSUANT TO § 549(a) OF THE BANKRUPTCY CODE
### (Defendants Myrna Guerrero and Carlos D. Guerrero)

53. The Trustee re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint as if fully set forth herein.

54. This is a cause of action pursuant to § 549(a) of the Bankruptcy Code to avoid the unauthorized postpetition transfer of the Debtor's ownership interest in Bavic Realty occurring on or about December 4, 2010 ("Purported Transfer").

55. The Purported Transfer was discovered after the Trustee was appointed as the successor Chapter 7 Trustee in this case after it was reopened at the request of the Office of the United States Trustee.

56. The Debtor concealed his ownership of Bavic Realty during the pendency of his bankruptcy case.

57. The Debtor's ownership of Bavic Realty was undisclosed when the Debtor originally filed his Chapter 11 case and was not disclosed to the Trustee after this case was converted to Chapter 7.

58. As set forth above, Ms. Guerrero claims to have received the Estate's interest in Bavic Realty and the NY Property in late 2010 or by the Transfer Contracts she alleges were executed in 2011.

59. The Purported Transfer occurred after the Petition Date and therefore occurred after the commencement of this bankruptcy case.

60. The Purported Transfer was neither authorized by this Court or any provision of the Bankruptcy Code.

61. The Purported Transfer did not involve a transferee who was a good firth purchaser without knowledge of the commencement of the case or that the Bavic Interest was property of the Estate, nor was it for a fair equivalent value for exchange.

62. To the extent that the Debtor transferred the Bavic Interest after the Petition Date, such transfer constitutes an unauthorized postpetition transfer and may be avoided.

63. Accordingly, the Purported Transfer may be avoided pursuant to § 549 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests this Court enter judgment in favor of the Trustee and against the Defendants, Myrna Guerrero and Carlos D. Guerrero (Carlos Jr.), avoiding the pospetition transfer of the Bavic Interest, and for other and further relief as thus Court deems just and appropriate.

### COUNT V

### RECOVERY OF POSTPETITION TRANSFER
### PURSUANT TO § 550 OF THE BANKRUTPCY CODE
### (Defendants Myrna Guerrero and Carlos D. Guerrero)

64. The Trustee re-alleges and incorporates by reference paragraphs 1 through 32 and 53 through 64 of this Complaint as if fully set forth herein.

65. This is an action to recover the Purported Transfer of the Bavic Interest by Mr. Guerrero to Myrna Guerrero and Carlos Jr. pursuant to § 550 of the Bankruptcy Code.

66. The assets transferred through the Purported Transfer are recoverable from Myrna Guerrero and Carlos Jr. as the initial and ultimate transferees of the Purported Transfer or as the entity for the benefit of which the transfers were made.

67. Accordingly, to the extent that this Court avoids the Purported Transfer pursuant to Count IV, the Trustee is entitled to recover from Defendants the property transferred, or, if this Court so orders, the value of the such property.

WHEREFORE, the Trustee respectfully requests this Court enter judgment in favor of the Trustee and against the Defendants, Myrna Gerrero and Carlos D. Guerrero (Carlos Jr.), providing that the Trustee shall recover the avoidable pospetition transfer of the Bavic Interest, including requiring Myrna Guerrero and Carlos Jr. to take all steps necessary to effectuate such recover, and providing all further relief as this Court deems just and appropriate.

Dated: October 27, 2020                          Respectfully submitted,

**SHUMAKER, LOOP & KENDRICK, LLP**

BY: _/s/ *Steven M. Berman*_
**STEVEN M. BERMAN, ESQ.**
Florida Bar No.: 856290
Primary E-Mail: sberman@shumaker.com
Secondary E-Mail: awit@shumaker.com
101 E. Kennedy Blvd., Suite 2800
Tampa, Florida 33602
Phone (813) 229-7600
Facsimile (813) 229-1660
*Counsel for Douglas N. Menchise,*
*Ch. 7 Trustee*