**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmd.uscourts.gov**

**In re:**

**CARLOS S. GUERRERO**                                               Case No.: 8:09-bk-00372

    **Debtor.**                                                            Chapter 7
_____/

**DOUGLAS N. MENCHISE,**
as Chapter 7 Trustee,

    **Plaintiff,**                                                        Adv. Pro. No.: 8:20-ap-557-MGW
**vs.**

**CARLOS S. GUERRERO, MYRNA E.**
**GUERRERO, CARLOS D. GUERRERO,**
**and BAVIC REALTY CORP.,**

    **Defendants.**
_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants, Myrna E. Guerrero ("M. Guerrero"), Carlos Daniel Guerrero ("Carlos Jr"), and Bavic Realty Corp. ("Bavic") (collectively "Defendants"), by and through their undersigned counsel, hereby file their response in opposition to Plaintiff's Motion for Summary Judgment filed on February 24, 2021 (Doc. 31) (the "MSJ"). Defendants state as follows:

1.    Trustee's MSJ seeks summary judgment for counts I-V of Trustee's complaint based on one glaring disputed issue of genuine fact: that the Debtor's transfer of his stock in Bavic occurred post-petition.

2. As shown in deposition transcripts of the Debtor, Carlos S. Guerrero, M. Guerrero, and Carlos Jr deposition transcript, all defendants have testified in their depositions that the Debtor transferred 90 % of this equity stock in Bavic to Myrna Guerrero and Carlos Daniel Guerrero collectively in August 2008 pre-petition.

3. Further, as shown in Myrna Guerrero's Affidavit In opposition to Plaintiff's Motion for Summary Judgment, Carlos Daniel's Affidavit in opposition to Plaintiff's Motion for Summary Judgment, and as shown in the Stock Certificate Transfers dated August 2008, pre-petition, the Debtor, Carlos S Guerrero ("Debtor") transferred 90% of his interest in Bavic prior to the petition date. Thus, at most, Trustee is entitled to a declaration that Debtor owned 10% equity interest in Bavic as of the date of petition.

4. Genuine issues of material fact exists to prevent the entry of summary judgment in favor of the Plaintiff on all other aspects of the complaint.

### *Summary Judgment Standards*

5. The standards for the granting of the extraordinary remedy of summary judgment are well known to this Court.

*6.* "Summary judgment is appropriate where the court is satisfied 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Celotex Corn. v. Catrett*, 477 US 317, 330 (1986) (quoting Fed. Rule Civ. Proc. 56(c)). The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Id.*

7. In determining whether summary judgment is appropriate, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

8. Summary judgment should not be granted unless it is clear that a trial is unnecessary. See generally, *Id*. at 255. And any doubt as to the existence of a genuine issue for trial should be resolved against the moving party. See *Adickes v. S.H. Kress & Co.*, 398 US 144, 158, 159 (1970). "Removing the issue from the jury's consideration is only appropriate where the facts and the law will reasonably support only one conclusion." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 373 (1995).

9. In determining a motion for summary judgment, the Court's function is one of issue-finding, not issue-resolution. See *Gallo v. Prudential Residential Servs. Ltd. Partnership,* 22 F.3d 1219, 1224 (2d Cir. 1994). The Court also held that the burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists, and all ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought. Id.

10. In the within action, Plaintiff has failed to exhibit his entitlement to summary judgment.

The Operative Statutory Subsection.

11. <u>11 U.S.C. § 549(a)</u> states:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate--

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

12. Thus, for a plaintiff-trustee to prevail, it must be shown that (a) a transfer occurred; (b) the transfer was of property of the estate; (c) the transfer was after commencement of the case; and (d) the transfer was not authorized by the Bankruptcy Code or the bankruptcy court.

13. Plaintiff has failed to show, without dispute, that the primary element for seeking to recover in this action is that Bavic was the sole property of the Debtor as of the Petition date, and that was transfer of the 90% was after the commencement of the case.

14. Accordingly, all relief sought in Trustee's MSJ must be denied since such relief sought is based on the element that 100% of Bavic was owned by the debtor as of the petition date.

15. Simultaneous with the filing of this opposition, defendants will be seeking leave of court to file an amended answer and affirmative defenses in this adversary case since Defendants were not given an opportunity to review the original answer and affirmative defenses that were filed and such filed answer was incorrect.

WHEREFORE, Defendants respectfully request that the Court enter an order denying the Plaintiff's motion for summary judgment in its entirety, and providing such other relief as this Court deems just and proper.

Date: March 17, 2021.

Respectfully submitted,

/s/ *Richard J. McIntyre*
RICHARD J. MCINTYRE, ESQUIRE
Florida Bar Number: 962708
rich@mcintyrefirm.com
KATIE BRINSON HINTON, ESQUIRE
Florida Bar Number: 0022367
katie@mcintyrefirm.com
McIntyre Thanasides Bringgold
  Elliott Grimaldi Guito & Matthews, P.A.

        500 East Kennedy Blvd., Suite 200
        Tampa, Florida 33602
        Telephone: (813) 223-0000
        Facsimile: (813) 225-1221
        *Attorneys to Defendants Myrna E. Guerrero, Carlos D. Guerrero, and BAVIC Realty Corp*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on March 17, 2021 upon the registered users of the Courts CM/ECF system and/or by U.S. First Class Mail to: Steven M. Berman, Esquire of Shumaker, Loop & Kendrick, LLP, 101 E. Kennedy Blvd., Ste. 2800, Tampa, FL 33602 (sberman@shumaker.com).

        /s/ Katie Brinson Hinton
        Attorney
        Florida Bar Number: 0022367