UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

CARLOS S. GUERRERO

    Debtor.
_____/

Case No.: 8:09-bk-00372-MGW

Chapter 7

DOUGLAS N. MENCHISE,
as Chapter 7 Trustee,

    Plaintiff

vs.

CARLOS S. GUERRERO, MYRNA
E. GUERRERO, CARLOS D.
GUERRERO and BAVIC REALTY
CORP.,

    Defendants.
_____/

Adv. Pro. No.: 8:20-ap-00557-MGW

### CARLOS S. GUERRERO'S RESPONSE IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Carlos S. Guerrero ("Carlos Sr."), by counsel and pursuant to Rule 56 Federal Rules of Civil Procedure, hereby files his response in opposition to the *Trustee's Motion for Summary Judgment* (Doc. 31) (the "MSJ"). In support of this Response, Carlos Sr. states as follows:

**Summary**

**1.** Douglas N. Menchise's, as chapter 7 trustee ("Trustee" or "Plaintiff") MSJ seeks summary judgment for counts I-V of his complaint contending there is no factual issue as to the proposition that Carlos Sr.'s transfer of stock in Bavic Realty Corp. ("Bavic") purportedly occurred post-petition. However, as further set forth herein, this assertion is actually subject to an intensive factual dispute and therefore summary judgment is not appropriate.

{00358128.DOCX;2}          1

2. The deposition transcripts of Carlos Sr., Myrna A. Guerrero ("M. Guerrero) and Carlos D. Guerrero ("Carlos Jr.") clearly show that all defendants have testified that Carlos Sr. transferred 90% of the Bavic stock to M. Guerrero and Carlos Jr. in August 2008, which pre-dates the filing of his chapter 7 case. Therefore, there is testimony from at least three sources disputing the Plaintiff's factual allegation.

3. Additionally, both M. Guerreo and Carlos Jr. filed *Affidavits* in opposition to the MSJ wherein they attest to the specific fact that the transfer of the Bavic equity stock was in August 2008 and attach thereto copies of the stock certificate as support. *See* Doc. Nos. 37-38 and 40-41. Therefore, this is additional testimony corroborated by stock certificates and letters in contravention to the MSJ's evidence.

4. Genuine issues of material fact exist which prevent the entry of summary judgment in favor of Plaintiff on all aspects of the complaint. As such, the MSJ should be denied.

## Standard

5. "Summary judgment is appropriate where the court is satisfied 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corn v. Catrett,* 477 U.S. 317, 330 (1986) (quoting Fed. Rule Civ. Proc. 56(c)). The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Id.*

6. In determining whether summary judgment is appropriate, the court must draw all reasonable inferences of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 255 (1986).

7. Summary judgment should not be granted unless it is clear that a trial is unnecessary. *See, e.g., Id.* at 255. And any doubt as to the existence of a genuine issues for trial should be resolved against the moving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158, 159 (1970). "Removing the issue from the jury's consideration is only appropriate where the facts and the law will reasonably support only one conclusion." *Chandris, Inc. v Latsis,* 515 U.S. 347, 373 (1995).

8. In determining a motion for summary judgment, the court's function is one of issue-finding, not issue-resolution. *See Gallo v. Prudential Residential Servs. Ltd. Partnership,* 22 F.2d 1219, 1224 (2d Cir. 1994). The court also held that the burden is upon the moving party to demonstrate that no genuine issues respecting any material fact exists, ad all ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought. *Id.*

## **Argument**

9. In this action, the Plaintiff has failed to establish the basis for the entry of the extraordinary remedy of summary judgment.

10. Section 549(a) of the Bankruptcy Code states:

   a. Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
      (1) That occurs after the commencement of the case; and
      (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or
          (B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a).

11.	Accordingly, for the Plaintiff to prevail, it must be shown that **(a)** a transfer occurred; **(b)** the transfer of property was property of the estate; **(c)** the transfer was after commencement of the case; and **(d)** the transfer was not authorized by the Bankruptcy Code or the bankruptcy court.

12.	The Plaintiff has failed to show that the primary element for seeking to recover in this action is that at as of the petition date, Bavic was the sole property of Carlos Sr. and that the transfer of his 90% interest occurred after the commencement of the case. There is a factual dispute as evidenced by the testimony, stock certificates and transfer letters and therefore summary judgment is inappropriate.

13.	**WHEREFORE,** Carlos Sr. respectfully requests that this Court enter an order denying the Plaintiff's MSJ in its entirety; and, providing such other and further relief in favor of Carlos Sr. as this Court deems just and proper.

Respectfully submitted this 5th day of April, 2021.

*/s/ Daniel E. Etlinger*
David S. Jennis
Florida Bar No. 775940
Daniel E. Etlinger
Florida Bar No. 77420
**Jennis Morse Etlinger**
Address:	606 East Madison Street
	Tampa, Florida 33602
Email:	ecf@jennislaw.com
	djennis@jennislaw.com
	detlinger@jennislaw.com
Telephone:	(813) 229-2800

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY a true and correct copy of the foregoing has been furnished via CM/ECF to all parties who receive electronic service on this 5th day of April, 2021.

*/s/ Daniel E. Etlinger*
Daniel E. Etlinger